**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| GO GREEN BOTANICALS, INC., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | CIVIL NO. 5:22-CV-373-XR |
| DREXLER INSURANCE SERVICES, | § | |
| LLC AND TRI-STATE INSURANCE | § | |
| COMPANY OF MINNESOTA, | § | |
| *Defendants.* | § | |

## ORDER

On this date, the Court considered Plaintiff's motion to remand (ECF No. 6), Defendant Tri-State Insurance Company's response (ECF No. 12), and Plaintiff's reply (ECF No. 13). After careful consideration, the Court issues the following order.

## BACKGROUND

This case arises out of an insurance dispute between Plaintiff Go Green Botanicals, Inc. ("Go Green") and Defendants Tri-State Insurance Company of Minnesota ("Tri-State") and Drexler Insurance Services, LLC ("Drexler"). As a result of the State of Texas and Bexar County's emergency orders concerning the COVID-19 pandemic, Go Green alleges that it suffered covered losses under the Business Income Loss provisions of its commercial property insurance policy with Tri-State (the "Policy"). ECF No. 1-3 at 9–10. Go Green alleges that it submitted a claim for its business interruption losses, but that the claim was improperly denied. *Id.* at 10–11. Go Green asserts claims for breach of contract, civil conspiracy, and violations of the Texas Insurance Code and Deceptive Trade Practices Act ("DTPA") against Tri-State, its insurer. *Id.* at 8, 12–22. Go Green reasserts these same claims against its insurance agent, Drexler. *Id.*

1

Go Green originally filed suit on March 9, 2022, in the 285th Judicial District Court of Bexar County, Texas. ECF No. 1-1. On April 18, 2022, Tri-State removed the case to this Court on the basis of diversity jurisdiction. ECF No. 1. According to Tri-State, this Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between the parties. *Id.* at 3. Tri-State asserts that for diversity purposes Go Green is a citizen of Texas and that Tri-State is a citizen of Iowa. *Id.* at 2. Although Drexler is admittedly a citizen of Texas, Tri-State contends Drexler's citizenship should be disregarded because it is not a proper party under the doctrine of improper joinder. *Id.* at 3. Go Green subsequently filed the instant motion to remand, arguing that Drexler is a proper party and thus there is not complete diversity of citizenship. ECF No. 6. Tri-State opposes remand. ECF No. 12.

## DISCUSSION

### I.  Legal Standards

#### A.  Diversity Jurisdiction

A defendant may remove an action to federal court where the amount in controversy exceeds $75,000 and is between "citizens of different states." 28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a).  Diversity jurisdiction typically requires "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removing party bears the burden of showing that federal jurisdiction exists, and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The court must evaluate the removing party's right to remove "according to the plaintiffs' pleading at the time of the petition for removal." *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939); *see also Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("The jurisdictional facts that support removal must be judged at the time of removal."); *Martinez v. Pfizer Inc.*, 388

F. Supp. 3d 748, 761 (W.D. Tex. 2019) ("because jurisdiction is fixed at the time of removal, the jurisdictional facts supporting removal are examined as of the time of removal").

A removing party can establish diversity jurisdiction by demonstrating that an in-state defendant has been "improperly joined." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). To establish improper joinder, the removing party must show an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). A plaintiff cannot establish a cause of action against an in-state defendant if there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

In determining whether joinder was proper, the focus is on the joinder, not on the merits of the case. *Id.* A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. However, in some cases a plaintiff may state a claim, but misstate or omit discrete facts that would determine the propriety of joinder; in such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573. "The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one." *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

### B.  Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). [T]he complaint must contain either direct allegations or permit properly drawn inferences to support 'every material point necessary to sustain recovery'; thus, '[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief.' *Torch Liquidating Trust ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) (quoting *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995)).

"Claims alleging fraud and fraudulent inducement are subject to the requirements of Rule 9(b) of the Federal Rules of Civil Procedure." *Schnurr v. Preston*, No. 5:17-CV-512-DAE, 2018 WL 8584292, at *3 (W.D. Tex. May 29, 2018). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "[A]rticulating the elements of fraud with particularity requires a plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. VMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). "Directly put, the who, what, when, and where must be laid out." *Id.* at 178. "Facts and circumstances constituting charged fraud must be specifically demonstrated and cannot be presumed from vague allegations." *Howard v. Sun Oil Co.*, 404 F.2d 596, 601 (5th

Cir. 1968). "Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).

"Although the language of Rule 9(b) confines its requirements to claims of . . . fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Thus "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting . . . negligent misrepresentation are subject to the requirements of Rule 9(b)." *Id.*

In a Rule 12(b)(6) analysis, all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

## II.    Analysis

Go Green has asserted claims against both Drexler and Tri-State in connection with the issuance of the Policy. However, it is impossible for the Court to discern Drexler's role in issuing the Policy from the face of the petition. The petition fails to identify any specific actionable conduct by Drexler that is sufficient to support the causes of action asserted against it. Go Green's

only factual allegation specific to Drexler is that Drexler "told [Go Green] that there was no coverage for their loss and they need not bother filing a claim." ECF No. 1-3 at 10. Otherwise, the petition generically asserts allegations and claims related to the issuance of the Policy against all "Defendants" collectively. Because the petition omits discrete facts that would determine the propriety of joinder, the Court finds it necessary to pierce the pleadings and conduct a summary inquiry to establish each Defendant's roles with respect to the Policy. *See Smallwood*, 385 F.3d at 573.

Although Go Green acknowledges Drexler as its "agent," ECF No. 1-3 at 10, Go Green also alleges that Drexler—together with Tri-State—underwrote and sold the Policy to Go Green, ECF No. 1-3 at 5. However, in later filings, Go Green clarifies that Drexler "gave erroneous advice about the policy" to Go Green. ECF No. 6 at 3. Moreover, Tri-State admitted in its response to Go Green's motion to remand that Tri-State issued the Policy. ECF No. 12 at 2. Thus, the Court concludes that Drexler operated as an insurance agent rather than an insurer.

Go Green has asserted claims against Drexler for breach of contract, bad faith, violations of the Texas Insurance Code, and conspiracy. ECF No. 1-3 at 12–18. Go Green's failure to set forth specific factual allegations with respect to Drexler's conduct is ultimately fatal to its claims against Drexler, however. To the extent that Go Green's claims arise out of the terms of the Policy itself, Go Green cannot recover from Drexler because Drexler is not a party to the Policy. To the extent that Go Green's claims against Drexler arise out of an alleged misrepresentation about the terms of the Policy, they fail to satisfy the heightened pleading requirements of Rule 9(b).

### A. Go Green has failed to state a claim for breach of contract, bad faith, or civil conspiracy.

The majority of Go Green's claims against Drexler fail because Go Green has not alleged any facts that indicate Drexler was bound by the Policy or had any authority to grant or deny

coverage under the Policy. First, in Texas, a claim for breach of contract requires: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)). Because Drexler was not the insurer under the Policy—and because Go Green has failed to allege a breach of any other contract between Drexler and Go Green—the Court cannot reasonably infer the existence of a valid contract that would allow Go Green to recover from Drexler.

Go Green's bad faith claim similarly arises out of the insurer's obligations under the Policy. Go Green alleges that both Drexler and Tri-State owed a duty of good faith to Go Green based on the issuance of the Policy. ECF No 1-3 at 15. Although Go Green does occasionally acknowledge that Drexler is an insurance agent rather than an insurer, Go Green asserts that Drexler and Tri-State acted in concert in denying coverage to Go Green. *Id.* at 15. In particular, Go Green alleges that Drexler and Tri-State "conspired . . . to deny all claims resulting during the pandemic[.]" *Id.* at 18.[1] Nowhere in the petition, though, does Go Green plead any facts that would enable this Court to reasonably infer that Drexler denied Go Green's claim or that Drexler conspired with Tri-State to do so. Instead, Go Green merely alleges that Drexler advised Go Green that its claim would not succeed. ECF No. 1-3 at 10. Go Green's allegations of conspiracy are devoid of factual enhancement, *Twombly*, 550 U.S. at 555, and there is no plausible reason to believe that Drexler

---

[1]      Go Green alleges that Tri-State and Drexler conspired to (1) deny all claims resulting from the COVID-19 pandemic and (2) to "trick [Go Green] into not filing a claim." ECF No. 1-3 at 18. Go Green's first count of conspiracy is subject to analysis under Rule 8, while the second count is subject to analysis under Rule 9. *See Guidry v. U.S. Tobacco Co., Inc.*, 188 F.3d 619, 631–32 (5th Cir. 1999) (general conspiracy claims are subject to analysis under Rule 8); *Castillo v. Frist City Bancorporation of Tex., Inc.*, 43 F.3d 953, 961 (5th Cir. 1994) (claims for conspiracy to commit fraud are subject to analysis under Rule 9); *see also Farouk Sys., Inc. v. Chi Herbal Infusions*, No. 1:08-CV-597, 2009 WL 10676778, at *5 (E.D. Tex. Sept. 2, 2009). The Court analyzes Go Green's claims sounding in misrepresentation *supra*.

had the authority to deny the claim on Tri-State's behalf. Thus, Go Green cannot state a claim against Drexler for conspiracy, breach of contract, or bad faith.

### B. Go Green has failed to state a claim against Drexler for violations of the Texas Insurance Code.

Go Green's petition also asserts a number of claims against Drexler for violations of the Texas Insurance Code. ECF No. 1-3 at 14–17. While Go Green's claims against Drexler for violations of the Texas Prompt Payment Act fail because the Act only applies to insurers, not to insurance agents, *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723 (N.D. Tex. 2014) (citing TEX. INS. CODE § 542.002), Drexler is subject to the requirements of Chapter 541. *See* TEX. INS. CODE § 541.060.

Go Green alleges that Drexler violated Chapter 541 by: (1) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Go Green's claim; (2) failing to promptly provide a reasonable explanation based on the Policy or applicable law for the denial of Go Green's claim; (3) failing to affirm or deny coverage in a reasonable time; and (4) refusing to conduct a reasonable investigation by ignoring damage known to be covered by the Policy, creating evidence to provide the carrier with a basis to deny coverage, and/or conducting an outcome oriented investigation.[2] ECF No. 1-3 at 17.

Like Plaintiff's common-law claims sounding in contract, however, these claims fail because Go Green has not alleged any facts indicating that Drexler had the authority to grant or deny coverage under the Policy or to investigate Go Green's claim. *Cf. Messersmith*, 10 F. Supp. 3d at 724–25 (holding that an insured cannot assert certain Chapter 541 claims against an insurance adjuster because the statute prohibits behavior the adjuster "had no part of"); *One Way Invs. Inc.*

---

[2]      Go Green also alleges that Drexler misrepresented the Policy terms in violation of Chapter 541. ECF No. 1-3 at 17. This claim is analyzed *supra*.

*v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *4–5 (N.D. Tex. Dec. 11, 2014) (same). Further, the petition does not allege any facts showing that Drexler fabricated evidence to provide Tri-State with a basis to deny coverage. Instead, Go Green admits that Drexler submitted its claim to Tri-State and that Tri-State evaluated the claim and subsequently determined the Policy did not cover the claimed loss. *See* ECF No. 6-2. Accordingly, Go Green's Chapter 541 claims against Drexler fail.

### C. Go Green's claims sounding in misrepresentation are not pled with sufficient particularity.

Unlike the preceding claims, Go Green's conspiracy to misrepresent and misrepresentation claims against Drexler do not fail simply because Drexler is not Go Green's insurer. Indeed, Texas courts have acknowledged that an insurance sales agent may be held liable under Chapter 541 and the DTPA when the agent misrepresents specific policy terms prior to a loss, and the insured's reliance upon that misrepresentation causes the insured to incur damages. *E.g.*, *Brown & Brown of Tex., Inc. v. Omni Metals, Inc.*, 317 S.W.3d 361, 387 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

Nonetheless, Go Green has failed to plead with sufficient particularity the circumstances surrounding the alleged misrepresentation. The petition's single allegation concerning Drexler's purported misrepresentation is that Drexler "misrepresented to Plaintiff that in order to have coverage for Business Income and Civil Authority, [Plaintiff's] business needed to sustain direct physical damage to the premises." ECF No. 1-3 at 18. At a minimum, this allegation fails to identify when and where the misrepresentation occurred in accordance with Rule 9(b). Without these details, Drexler lacks notice of which, if any, of its statements or communications with Go

Green are alleged to have misrepresented the terms of the Policy prior to Go Green's losses or how Go Green's reliance on those representations caused it to incur damages.

Additionally, in order for Go Green to state a claim for a civil conspiracy, Go Green must plausibly allege that Drexler is liable for the underlying tort at issue here, misrepresentation. *See Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013) (applying Texas law); *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 381 (Tex. App.—Houston [1st Dist.] 2007, no pet.). As discussed, Go Green has failed to do so. Consequently, Go Green has also failed to state a claim for civil conspiracy.

Because there is no reasonable basis to predict that Plaintiff might be able to recover against Drexler, the Court concludes that it has been improperly joined and must be dismissed from this action. *Smallwood*, 385 F.3d at 573.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion for remand (ECF No. 6) is **DENIED**. The Court finds that Defendant Drexler was improperly joined. Accordingly, the Court will disregard Drexler's citizenship and exercise subject matter jurisdiction over the remaining defendant, Tri-State. All claims against Defendant Drexler are **DISMISSED WITHOUT PREJUDICE.**

It is so **ORDERED**.

**SIGNED** this 23rd day of June, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE